**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 282-7878
*Attorneys for Plaintiff*
Our File No.: 119313

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

Heather Gansberg,

          Plaintiff,

v.

C.Tech Collections, Inc.,

          Defendant.

Case No:

**COMPLAINT**

JURY TRIAL DEMANDED

Plaintiff Heather Gansberg ("*Plaintiff*"), by and through her undersigned counsel, complains, states and alleges against Defendant C.Tech Collections, Inc. ("*Defendant*"), upon information and belief, as follows:

### INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). The Court has supplemental jurisdiction exists over the any state law claims pursuant to 28 U.S.C. §1367

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff Heather Gansburg is an individual who is a citizen of the State of New York residing in Kings County, New York.

6. Plaintiff is a natural person allegedly obligated to pay a debt.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant C.Tech Collections, Inc., is a New York Corporation with a principal place of business in Suffolk County, New York.

## THE FDCPA AS IT RELATES TO THE CLAIMS HEREIN

9. Congress enacted the FDCPA in 1977 upon finding "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." And that debt collection abuse by third party debt collectors was a widespread and serious national problem. *See* S. Rep. No. 95-382, at 2 (1977) *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

10. At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." Id. Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

11. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e).

12. After determining that the existing consumer protection laws were inadequate, id. § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

13. The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by independent debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

14. To further these ends, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent

effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

15. As such, the circumstances of the particular debtor in question have no bearing as to the question of whether there has been a violation of the FDCPA. *See Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Indeed, it is not necessary for a plaintiff to show that he or she was confused by the communication received. *Jacobson* 516 F.3d at 91. Likewise, the plaintiff consumer's actions or inaction in response to a communication from a debt collector are irrelevant. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

16. Instead, "the test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." *Russell* 74 F.3d at 34.

17. If a debt collector's communication is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer, it violates the FDCPA. *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001). Similarly, a communication violates the FDCPA if it is "open to more than one reasonable interpretation, at least one of which is inaccurate," or if the communication "would make the least sophisticated consumer uncertain as to her rights." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993); *Jacobson* 516 F.3d at 90.

18. The FDCPA is a strict liability statute, and a debt collector's intent may only be considered as an affirmative defense. 15 U.S.C. § 1692k(c); *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Likewise, "the degree of a defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). A single violation of the FDCPA to establish civil liability against the debt collector. *Id.*

**FACTUAL ALLEGATIONS**

19. Defendant regularly collects or attempts to collect debts asserted to be owed to others.

20. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

21. The principal purpose of Defendant's business is the collection of such debts.

22. Defendant uses the mails in its debt collection business.

23. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

24. Defendant alleges Plaintiff owes a debt to NYU Langone Physician Services (the "alleged Debt").

25. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

26. The alleged Debt does not arise from any business enterprise of Plaintiff.

27. The alleged Debt, to the extent it exists, arises from personal medical services rendered to Plaintiff.

28. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

29. At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

30. At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

31. In its efforts to collect the alleged Debt, Defendant contacted Plaintiff by calls to Plaintiff's telephone.

32. In its efforts to collect the alleged Debt, Defendant contacted Plaintiff in writing, including by letter dated July 17, 2020 (the "Letter"). (A true and accurate copy of the Letter is annexed hereto as Exhibit 1).

33. The Letter was the initial written communication Plaintiff received from Defendant concerning the alleged Debt.

34. The Letter conveyed information regarding the alleged Debt.

35. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

36. The Letter was received and read by Plaintiff.

37. At the time Defendant sent the Letter, Plaintiff did not owe the alleged Debt.

38. On March 19, 2020, Plaintiff filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York (NYEB Case No. 1-20-41655-NHL).

39. On June 30, 2020, Plaintiff was granted a discharge of all pre-petition debts pursuant to 11 U.S.C. § 524, which discharge included the alleged Debt.

40. 15 U.S.C. § 1692g protects Plaintiff's concrete interests. Plaintiff has the interest and right to receive a clear, accurate and unambiguous validation notice, which allows a consumer to confirm that he or she owes the debt sought to be collected by the debt collector. As set forth herein, Defendant deprived Plaintiff of this right.

41. 15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendant. As set forth herein, Defendant deprived Plaintiff of this right.

42. 11 U.S.C. § 524 protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from creditors and/or debt collectors from seeking to collect debts which have been discharged in bankruptcy. Defendant deprived Plaintiff of this right

43. Plaintiff's injury is "particularized" and "actual" in that the letter that caused the injury was addressed and sent to Plaintiff specifically.

44. Plaintiff's injury is directly traceable to Defendant's conduct, because Defendant sent the Letter.

45. A favorable judicial resolution of Plaintiff's case would redress Plaintiff's injury with damages.

46. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

47. Plaintiff has been misled by Defendant's actions.

48. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to use abusive, deceptive, unfair and unlawful means in its attempts to collect the Debt.

49. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will ultimately cause her unwarranted economic harm.

50. As a result of Defendant's conduct, Plaintiff was forced to hire counsel and therefore has incurred damages including reasonable attorneys' fees in reviewing Plaintiff's rights under the law and prosecuting this claim.

51. As a result of Defendant's conduct, Plaintiff's counsel was forced to expend time and money to investigate the enforceability of the Debt.

52. Upon information and belief, Plaintiff can prove that all actions taken by Defendant as described in this Complaint were taken willfully, with either the desire to harm Plaintiff with knowledge that its actions would very likely harm Plaintiff, and/or with knowledge that its actions were taken in violation of the law.

**FIRST COUNT**

53. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein

54. On or about March 19, 2020 (the "Bankruptcy Petition Date"), Plaintiff filed a Chapter 7 Voluntary Petition (the "Petition") in the United States Bankruptcy Court, for the Eastern District of New York.

55. Defendant was put on notice of the Petition.

56. Defendant had notice of the Petition.

57. On or about June 30, 2020 (the "Discharge Date") Plaintiff was granted a complete discharge of the subject debt (the "Discharge").

58. Defendant was put on notice of the Discharge.

59. Defendant had notice of the Discharge.

60. Despite the Discharge, Defendant continued to attempt to collect the debt.

61. Despite the Discharge, Defendant willfully continued to attempt to collect the debt.

62. 15 U.S.C. § 1692e(2)(A) prohibits a debt collector from using any false, deceptive or misleading representation of the character, amount, or legal status of any debt.

63. 15 U.S.C. § 1692e(5) prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

64. 15 U.S.C. § 1692e(10) prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

65. Defendant's attempt to collect Plaintiff's discharged debt is a violation of 15 U.S.C. § 1692e.

66. Defendant's attempt to collect Plaintiff's discharged debt is a violation of 11 U.S.C. § 524.

67. For the foregoing reasons, Defendant violated 15 U.S.C. § 1692e and 11 U.S.C. § 524 and is liable to Plaintiff therefor.

**SECOND COUNT**

68. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

69. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the

information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

70. As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide the amount of the debt.

71. To comply with 15 U.S.C. § 1692g(a)(1), a statement of the amount of the debt must clearly, accurate and without ambiguity convey, from the perspective of the least sophisticated consumer, the actual amount of the debt.

72. The Letter claims that Plaintiff owes $92.17 (the "Claimed Amount").

73. As a result of Plaintiff's bankruptcy discharge, Plaintiff did not owe the Claimed Amount.

74. Plaintiff did not owe the Claimed Amount at the time the alleged Debt was assigned or otherwise transferred to Defendant for collection.

75. Plaintiff did not owe the Claimed Amount at the time Defendant sent Plaintiff the Letter.

76. Plaintiff did not owe the Claimed Amount at the time Plaintiff received the Letter.

77. As such, Defendant did not clearly convey, from the perspective of the least sophisticated consumer, the actual amount of the alleged Debt as required by 15 U.S.C. § 1692g(a)(1).

78. As such, Defendant did not accurately convey, from the perspective of the least sophisticated consumer, the actual amount of the alleged Debt as required by 15 U.S.C. § 1692g(a)(1).

79. For the foregoing reasons, Defendant violated 15 U.S.C. § 1692g(a)(1) and is liable to Plaintiff therefor.

### THIRD COUNT

80. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

81. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

82. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

83. The Letter claims that Plaintiff owes $92.17.

84. Plaintiff did not owe the Claimed Amount at the time the alleged Debt was assigned or otherwise transferred to Defendant for collection.

85. Plaintiff did not owe the Claimed Amount at the time Defendant sent Plaintiff the Letter.

86. Plaintiff did not owe the Claimed Amount at the time Plaintiff received the Letter.

87. As a result of Plaintiff's bankruptcy discharge, Plaintiff did not owe the Claimed Amount.

88. Defendant's allegation that Plaintiff owed the Claimed Amount is a false representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

89. Defendant's allegation that Plaintiff owed the Claimed Amount is a deceptive representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

90. Defendant's allegation that Plaintiff owed the Claimed Amount is a false representation of the character of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

91. Defendant's allegation that Plaintiff owed the Claimed Amount is a false representation of the amount of the alleged Debt and the legal status of the Debt in violation of 15 U.S.C. § 1692e(2)(A).

92. Defendant's allegation that Plaintiff owed the Claimed Amount is a false representation and deceptive means made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

93. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.

## JURY DEMAND

94. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered as follows:

   a. Finding Defendant's actions violate the FDCPA; and

    b. Awarding Plaintiff statutory damages in the amount of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A); and

    c. Awarding Plaintiff actual damages in an amount to be determined at trial as provided under 15 U.S.C §1692k(a)(1) and

    d. Awarding Plaintiff's the costs of this action and reasonable attorneys' fees as provided under 15 U.S.C. § 1692k(a)(3); and

    e. Awarding Plaintiff such other and further relief that the Court determines is just and proper.

DATED: March 31, 2021



          **BARSHAY SANDERS, PLLC**

          By: */s Craig B. Sanders*
          Craig B. Sanders, Esq.
          100 Garden City Plaza, Suite 500
          Garden City, New York 11530
          Email: csanders@barshaysanders.com
          Tel: (516) 203-7600
          Fax: (516) 282-7878
          *Attorneys for Plaintiff*
          Our File No.: 119313